LOUISE SCHNEIDER ET AL. V. JACOB WETZ ET AL.

No. 1670.  Decided March 13, 1907.

**1.—Practice in Supreme Court—Reference for Findings of Fact.**

The authority of the Supreme Court to direct a further finding of fact by the Court of Civil Appeals is limited to requiring such finding upon issues raised by assignment in both the Appellate and the Supreme Courts.  (P. 418.)

**2.—Jurisdiction of Supreme Court—Dissent—Abstract Question.**

The right of the Supreme Court to take jurisdiction by writ of error over a case reversed and remanded, on the ground of dissent in the Appellate Court, does not extend to cases of dissent upon abstract questions of law; and when the facts are not so found as to show the nature of the evidence (declarations of a testator) about the admissibility of which the difference of opinion arose, the question as presented in the Supreme Court is an abstract one, which it can not determine.  (Pp. 417, 418.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Guadalupe County.

Wetz and others appealed from a judgment of the District Court denying probate of a will offered therefor by them and resisted by Schneider. The judgment being reversed, and the case remanded with a dissenting opinion, Louise Schneider, the appellee, obtained writ of error.

*Dibrell & Mosheim* and *Adolph Seidemann,* for plaintiffs in error.

*Ogden & Brooks, H. M. Wurzbach, J. M. Woods* and *F. J. Maier,* for defendants in error.

BROWN, ASSOCIATE JUSTICE.—The application for writ of error in this case was based upon the fact that the judges of the Court of Civil Appeals for the Fourth District had disagreed in the disposition of the case. Upon an examination of the opinions of the judges of that court we are unable to ascertain what declarations of the testatrix, Mrs. Stolte, were the subject of the disagreement. It appears to be an abstract question of law about which the difference of opinion arose, and we are unable to determine such question, unless we know the facts to which the law must be applied. The question arises, what disposition shall we

make of the case? We have no jurisdiction to decide abstract questions thus presented. Can we refer this case back to the Court of Civil Appeals for a finding of the facts under chapter 51 of the Laws of 1905, p. 71, which contains this provision:

"Article 1024a. It shall be the duty of the Courts of Civil Appeals to decide all issues presented to them by proper assignments of error, by either party, in all causes now pending, or which may hereafter be pending before them, whether such issues be of fact or of law, and announce in writing their conclusions so found. Provided, that if the Court of Civil Appeals has failed to file a conclusion of fact upon any material issue in the case properly assigned in that court and in the Supreme Court, and that by reason of such failure the Supreme Court is not able to pass upon such assignment, it shall be the duty of said Supreme Court to return the record to the Court of Civil Appeals from which it came, with directions to make and file a conclusion of fact upon each of such issues, and to return the same with the record to the Supreme Court."

It will be observed that the authority of this court to send the case back is confined to issues which have been properly assigned in the Court of Civil Appeals, and which are properly assigned in this court. No assignment in the Court of Civil Appeals raises the issue of the admissibility or of the effect of the declarations of the testatrix, therefore we have no authority to refer the case back to the Court of Civil Appeals to make a statement of facts which would disclose the character of the declarations about which the disagreement occurred. It is therefore ordered that this writ of error be dismissed at the cost of the plaintiff in error.

*Writ of Error Dismissed.*